UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIQIANG CAO, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANCORP, N.A., ET AL.,<br><br>    Defendants. | Case No.: 5:10-03027 EJD (PSG)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER** |

Plaintiffs brought this putative class action against Defendant U.S. Bancorp, N.A.'s ("U.S. Bank") and Defendant Richard K. Davis ("Davis"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1631, *et seq.*, the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968, and various state law claims. On January 31, 2011, Chief Judge Ware granted U.S. Bank's motion to dismiss as to Plaintiffs' federal causes of action and declined to rule on the motion to dismiss as to Plaintiffs' state law claims. All five Plaintiffs were granted leave to amend as to the RICO cause of action and only two Plaintiffs were granted leave to amend as to the TILA cause of action.

The court ordered that

> "[o]n or before February 28, 2011, Plaintiffs shall file an Amended Complaint consistent with the terms of this Order.  The Amended Complaint shall also address the sufficiency of the Court's jurisdiction under CAFA.  Failure to file a timely Amended

Complaint may warrant sanctions pursuant to Federal Rule of Civil Procedure 41(b), including dismissal for failure to prosecute, which is dismissal on the merits." Order Granting Def. U.S. Bank's Mot. To Dismiss With Leave To Amend 8:8-20, Jan. 31, 2011. To date, Plaintiffs have failed to file an Amended Complaint.

On March 28, 2011, U.S. Bank filed a motion to dismiss the action pursuant to Rule 41(b) based on Plaintiffs' failure to prosecute or to comply with the court's January 31, 2011 Order. On April 25, 2011, the case was reassigned from Chief Judge Ware to the undersigned.[1] The court scheduled the oral argument on Defendants' motion to be heard on August 26, 2011. Thus, Plaintiffs were required to file any opposition to Defendants' motion to dismiss no later than August 5, 2011. See Civ. L.R. 7-3(a) (Sept. 2010) ("Any opposition to a motion must be served and filed not less than 21 days before the hearing date.") (amended June 2, 2011). To date, Plaintiffs have failed to file any opposition to that motion.

Rule 41(b) states that if a plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision operates as an adjudication on the merits. Dismissal under Rule 41(b) is a sanction, to be imposed only in "extreme circumstances." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) (quoting Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).

IT IS HEREBY ORDERED that Plaintiffs shall respond in writing no later than Wednesday, August 24, 2011 and shall appear before the court on Friday, August 26, 2011 at 9 a.m.[2] to show cause why the unopposed motion to dismiss should not be granted and the action

---

[1] In the reassignment order, the court ordered all parties to file a joint case management statement within ten days. On May 5, 2011, U.S. Bank filed a separate case management statement. To date, Plaintiffs have failed to file a case management statement.

[2] This hearing will coincide with the oral argument on U.S. Bank's motion to dismiss, which will proceed as scheduled.

2
Case No.: 5:10-CV-3027 EJD (PSG)
ORDER

dismissed for failure to comply with the court's January 31, 2011 Order to file an Amended Complaint.

Dated:  August 23, 2011

                                              _____
                                              EDWARD J. DAVILA
                                              United States District Judge

Case No.: 5:10-CV-3027 EJD (PSG)
ORDER