UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZHIQIANG CAO, ET AL.,<br><br>    Plaintiffs,<br>  v.<br><br>U.S. BANCORP, N.A., ET AL.,<br><br>    Defendants. | Case No.: 5:10-03027 EJD (PSG)<br><br>**ORDER GRANTING MOTION TO DISMISS CASE FOR FAILURE TO COMPLY WITH A COURT ORDER AND FOR FAILURE TO PROSECUTE**<br><br>**(Re: Docket No. 25)** |

Pending before the court is Defendant U.S. Bancorp, N.A.'s ("U.S. Bank") unopposed motion to dismiss with prejudice for failure to prosecute and failure to comply with a court order. U.S. Bank appeared before the court on August 26, 2011 for oral argument; Plaintiffs failed to appear. For the reasons discussed below, the motion is GRANTED.

**I.  BACKGROUND**

Plaintiffs brought this putative class action against U.S. Bank and Defendant Richard K. Davis ("Davis"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1631, *et seq.*, the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968, and various state law claims. Plaintiffs allege that Defendants have engaged in a systematic pattern of defrauding homeowners through predatory lending practices.

On September 24, 2010, U.S. Bank filed a motion to dismiss the complaint for failure to state a claim, which Plaintiffs opposed. Chief Judge Ware, who presided over the case, took the motion under submission without oral argument. On January 31, 2011, Chief Judge Ware granted the motion to dismiss as to the federal causes of action and declined to reach the remaining state law claims. All five Plaintiffs were granted leave to amend as to the RICO cause of action and only two Plaintiffs were granted leave to amend the TILA cause of action.

The court ordered that

> "[o]n or before February 28, 2011, Plaintiffs shall file an Amended Complaint consistent with the terms of this Order. The Amended Complaint shall also address the sufficiency of the Court's jurisdiction under CAFA. Failure to file a timely Amended Complaint may warrant sanctions pursuant to Federal Rule of Civil Procedure 41(b), including dismissal for failure to prosecute, which is dismissal on the merits."

Order Granting Def. U.S. Bank's Mot. To Dismiss With Leave To Amend 8:8-20, Jan. 31, 2011. To date, Plaintiffs have failed to file an amended complaint.

On March 28, 2011, U.S. Bank filed this motion to dismiss the action pursuant to Rule 41(b). On April 25, 2011, the case was reassigned from Chief Judge Ware to the undersigned, and the court ordered all parties to file a joint case management statement within ten days. On May 5, 2011, U.S. Bank filed a separate case management statement. To date, Plaintiffs have failed to file a case management statement.

The court scheduled the oral argument on this motion to be heard on August 26, 2011. Thus, Plaintiffs were required to file any opposition to this motion to dismiss no later than August 5, 2011. See Civ. L.R. 7-3(a) (Sept. 2010) ("Any opposition to a motion must be served and filed not less than 21 days before the hearing date.") (amended June 2, 2011). To date, Plaintiffs have failed to file any opposition to this motion.

On August 23, 2011, the court ordered Plaintiffs to respond in writing no later than August 24, 2011 and to appear in court on August 26, 2011 to show cause why the unopposed motion

2

Case No.: 5:10-CV-3027 EJD (PSG)
ORDER GRANTING MOTION TO DIMISS

should not be granted and the action dismissed for failure to comply with the January 31, 2011 Order to file an amended complaint. Plaintiffs failed to respond in writing. Additionally, Plaintiffs failed to appear at the August 26, 2011 hearing on U.S. Bank's motion to dismiss and the court's order to show cause.

## II. LEGAL STANDARDS

Rule 41(b) states that if the plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision operates as an adjudication on the merits. Dismissal under Rule 41(b) is a sanction, to be imposed only in "extreme circumstances." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) (quoting Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).

## III. DISCUSSION

Here, Plaintiffs failed to comply with the court's January 31, 2011 Order by not filing an amended complaint by February 28, 2011 or indicating their intention to not do so. Where the court grants a motion to dismiss with leave to amend, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004); see also Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999) ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order . . . ."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Plaintiffs also failed to respond to Defendants' motion to dismiss, to file a case management conference statement, to respond to the court's order to show cause, and to appear in court.

3

Case No.: 5:10-CV-3027 EJD (PSG)
ORDER GRANTING MOTION TO DIMISS

In determining whether a case ought to be dismissed for failure to comply with an order or for failure to prosecute, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (internal citations omitted).

The first two factors—the public's interest in the expeditious resolution of litigation and the court's need to manage its docket—weigh heavily in favor of dismissal. This litigation has been ongoing for over a year. Almost seven months have passed since Chief Judge Ware dismissed Plaintiffs' federal claims and ordered Plaintiffs to address the sufficiency of the court's jurisdiction under the Class Action Fairness Act. Almost six months have passed since the deadline for Plaintiffs to file an amended complaint complying with Chief Judge Ware's Order. Plaintiffs' failure to file an amended complaint before the court's deadline or to communicate that they do not wish to amend has caused this action to come to a halt. Additionally, Plaintiff's failure to file a case management statement, oppose this motion, or to communicate with the court in anyway hinders the court's ability to move this case toward disposition and indicates that Plaintiffs does not intend to litigate this action diligently. Plaintiff's unwillingness to communicate with Defendants and the court has interfered with the public's interest in the expeditious resolution of this litigation. Given this court's heavy caseload, the court must have control of its docket to ensure the orderly and efficient administration of justice. Dismissal of this action would resolve this litigation and assist in the effective management of the court's docket, and accordingly the first two factors strongly favor granting defendant's motion.

The risk of prejudice to the Defendants also favors dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639,

4

Case No.: 5:10-CV-3027 EJD (PSG)
ORDER GRANTING MOTION TO DIMISS

642 (9th Cir. 2002) (citing <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987)).  Absent an amended complaint, any response to the pending motion to dismiss, any response to the court's order to show cause, the required case management statement, or any communication from Plaintiffs to the court regarding these requirements, Defendants have been forced to remain in an action without notice of all the claims against them or whether Plaintiffs have any intention of pursuing those claims.  Although the pendency of a lawsuit is not, in and of itself, sufficiently prejudicial to warrant dismissal, <u>id.</u>, "[u]nreasonable delay creates a presumption of injury." <u>Alexander v. Pacific Maritime Asso</u>., 434 F.2d 281, 283 (9th Cir. 1970).  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." <u>Malone</u>, 833 F.2d at 131.  Plaintiffs have failed to provide any excuse for their inaction despite having been given many opportunities—in opposition to this motion, in response to the court's order to show cause, or in person at the August 26, 2011 hearing.  The court cannot conceive of a strong excuse for Plaintiffs' aforementioned conduct if Plaintiffs wanted to continue prosecuting this action. Accordingly, there is sufficient prejudice to the Defendants from delay that this factor strongly weighs in favor of dismissal.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissing this action because of Plaintiffs' failure to amend the complaint.  This consideration, however, is outweighed by the previously discussed delay, risk of prejudice, and waste of resources that would be incurred by allowing Plaintiffs' action to remain on the court's docket.

Finally, the court does not believe that less drastic alternatives exist that would remedy the previously-discussed issues. While the court could offer Plaintiffs an additional amount of time to amend their complaint, Plaintiffs lack of response to Defendants' motion or this court's order to show cause indicates that Plaintiffs either have no desire to move forward with this action or do not

5
Case No.: 5:10-CV-3027 EJD (PSG)
ORDER GRANTING MOTION TO DIMISS

have much respect for deadlines imposed by this court. Were the court to afford Plaintiffs another opportunity to amend their complaint there is no indication that they would choose to do so within the time provided, leading to further waste of court resources and delay. Accordingly, this factor also weighs in favor of dismissal.

Thus, four of the five factors weigh in favor of dismissing Plaintiffs' action pursuant to Rule 41(b). Accordingly,

IT IS HEREBY ORDERED that U.S. Bank's motion to dismiss pursuant to Rule 41(b) for failure to comply with the court's January 31, 2011 Order and for failure to prosecute is GRANTED, and this action is hereby DISMISSED with prejudice.

Dated: August 26, 2011

EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-CV-3027 EJD (PSG)
ORDER GRANTING MOTION TO DIMISS